## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT of FLORIDA

| | |
|---|---|
| MONIQUE MOISE., <br><br> Plaintiff, <br><br> vs. <br><br> CONVERGENT OUTSOURCING, INC. <br><br> Defendant. | Case No: 24-cv-24052-RKA <br><br> **COMPLAINT** <br><br><br> Jury Trial: ☒ Yes   ☐ No <br><br> FILED BY_____ D.C. <br><br> OCT 21 2024 <br><br> ANGELA E. NOBLE <br> CLERK U.S. DIST. CT. <br> S. D. OF FLA. - MIAMI |

## **INTRODUCTION**

1. This is a civil action for actual, punitive, statutory damages and cost brought by Monique Moise hereinafter, ("Plaintiff") an individual consumer, against defendant, Convergent Outsourcing Inc., hereinafter ("Defendant") for violations of the Fair Credit Reporting Act, 15 U.S.C § 1681 et seq. (hereinafter "FCRA").

This action is brought under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., a statute enacted by Congress to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. Central to this lawsuit is the interpretation and application of 15 U.S.C. § 1681b, which delineates the permissible purposes for which one may obtain a consumer report. The FCRA is designed to balance the needs of creditors, employers, insurers, and other entities in accessing consumer information against the rights of consumers to be free from unwarranted invasions of privacy and to ensure that such information is accurate and used appropriately.

At the heart of the FCRA's protections is the requirement that any entity seeking to obtain a consumer report must have a clearly defined permissible purpose as outlined in Section 1681b. This provision safeguards consumers against unauthorized or frivolous access to their sensitive personal and financial information, which if misused, can lead to significant personal and financial harm. The statute explicitly enumerates these permissible purposes, reflecting a deliberate effort by Congress to limit access to consumer reports to scenarios where there is a legitimate need for such information, thereby upholding the statute's overarching goal of protecting consumer privacy and ensuring the responsible use of consumer information.

In bringing this action, the plaintiff asserts that the defendant, Convergent Outsourcing Inc., has violated the FCRA and FFCRA by accessing the plaintiff's consumer report without any of the permissible purposes enumerated in 15 U.S.C. § 1681b and Florida statute 501.005. This unauthorized access not only contravenes the explicit statutory restrictions set forth by the FCRA and FFCRA but also undermines the statute's fundamental purpose of protecting consumer privacy and ensuring the integrity of consumer reporting. Through this lawsuit, the plaintiff seeks to vindicate their rights under the FCRA and FFCRA, to hold the defendant accountable for their unauthorized actions, and to reaffirm the importance of strict compliance with the statute's provisions as a cornerstone of consumer protection and trust in the consumer credit reporting system.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C § 1681(p), and 28 U. S. C § 1331. Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b)(1) and 28 U.S.C. § 1391(b)(2) because a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim occurred in this judicial district. Defendants transact business in Miami, FL.

3. The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

## PARTIES

4. Plaintiff, Monique Moise is a natural person and consumer as defined by 15 U.S.C. § 1681a(c), residing in  Miami, FL.

5. Upon information and belief, Convergent Outsourcing, Inc. is a Washington corporation.  Convergent Outsourcing, Inc. accepts service of process through its registered agent Corporation Service Company located at 1201 Hays Street Tallahassee, FL 32301-2525.

6. Convergent Outsourcing Inc. is a "person" as defined by 15 U.S.C. § 1681a(b).

## FACTUAL ALLEGATIONS

7.  On August 6th, 2022, Plaintiff obtained her consumer report from Experian.

8. In the report Plaintiff observed an unauthorized inquiry from Defendant on March 31st, 2022, See Exhibit A.

9. Plaintiff only discovered the impermissible pull on June 10th after reviewing former credit reports. On June 10th, 2024, Plaintiff filed a formal complaint with the Consumer Financial Protection Bureau (CFPB) against Defendant, Convergent Outsourcing Inc., regarding unauthorized inquiries into Plaintiff's credit report.

10. In the complaint, Plaintiff demanded that Defendant provide proof of its alleged permissible purpose for accessing Plaintiff's credit report.

11. Specifically, Plaintiff requested that Defendant classify its reasoning behind willfully accessing plaintiffs consumer credit report.

12. Despite this demand, Defendant has failed to produce any such documentation that would give them a reason to believe they had a permissible purpose to access Plaintiff's consumer report.

13. Defendant did not have a permissible purpose to access Plaintiff's credit report under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b and Florida Fair Credit Act (FFCRA), 501.005.

14. Defendant, Convergent Outsourcing Inc., willfully violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f), Florida Fair Credit Act (FFCRA), 501.005, by accessing Plaintiff's credit report without a permissible purpose.

15. Defendant's actions were not the result of a mere oversight or negligence but were undertaken with knowledge or reckless disregard for the requirements of the FCRA and FFCRA.

16. Defendant's conduct demonstrates a blatant disregard for Plaintiff's privacy rights and the protections afforded by the FCRA and FFCRA. By accessing Plaintiff's credit report without any legitimate reason, Defendant showed a reckless indifference to the statutory requirements designed to protect consumers from unauthorized access.

17. Plaintiff has suffered a concrete and particularized injury due to Defendant's unauthorized access to Plaintiff's credit report. This unauthorized

access invaded Plaintiff's privacy and caused significant distress and anxiety, thereby establishing tangible harm.

18. The injury suffered by Plaintiff is directly traceable to Defendant's actions. By pulling Plaintiff's credit report without a permissible purpose, Defendant directly caused the invasion of Plaintiff's privacy and the resulting distress.

19. The harm suffered by Plaintiff can be redressed by a favorable decision from this Court. Plaintiff seeks statutory damages, punitive damages, and costs under the Fair Credit Reporting Act (FCRA) and Florida Fair Credit Reporting Act (FFCRA), which are remedies explicitly provided for by the statute to address such violations.

## COUNT 1 VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681b(f) DEFENDANT CONVERGENT OUTSOURCING, INC.

20. All preceding paragraphs are realleged.

21. The Defendant willfully violated the Fair Credit Reporting Act, 15 USC 1681b(f) by obtaining the Plaintiff Experian consumer report without a permissible statutory purpose on March 31st, 2022.

22. Defendant Convergent Outsourcing Inc. was neither retained by a creditor with whom Plaintiff had initiated a credit transaction, thereby failing to establish a permissible purpose for accessing Plaintiff's consumer report.

23. Defendant Convergent Outsourcing Inc. was aware or should have been aware of their obligations under the FCRA to access consumer reports only for permissible purposes.

24. Despite this knowledge, Defendant Convergent Outsourcing Inc. intentionally or recklessly disregarded their obligations under the FCRA and did not verify the purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

25. Defendant Convergent Outsourcing Inc. actions were not isolated but part of a pattern or practice, further demonstrating willfulness.

26. As a direct result of Defendant Convergent Outsourcing Inc. violation of 15 U.S.C § 1681b(f), Plaintiff has suffered actual damages of invasion of privacy and, is entitled to actual and statutory damages, as provided by 15 U.S.C § 1681n(a)(1)(B).

## COUNT 2 VIOLATION OF THE FLORIDA FAIR CREDIT REPORTING ACT(FFCRA) 501.005  DEFENDANT CONVERGENT OUTSOURCING, INC.

27. All preceding paragraphs are realleged.

28. The Defendant willfully violated the Florida Fair Credit Reporting Act, 501.005 by obtaining the Plaintiff Experian consumer report without a permissible statutory purpose on March 31st, 2022.

29. Defendant Convergent Outsourcing Inc. was neither retained by a creditor with whom Plaintiff had initiated a credit transaction, thereby failing to establish a permissible purpose for accessing Plaintiff's consumer report.

30. Defendant Convergent Outsourcing Inc. was aware or should have been aware of their obligations under the FFCRA to access consumer reports only for permissible purposes.

31. Despite this knowledge, Defendant Convergent Outsourcing Inc. intentionally or recklessly disregarded their obligations under the FFCRA and did not verify the purported debt or take other actions that would constitute a permissible purpose for accessing Plaintiff's consumer report.

32. Defendant Convergent Outsourcing Inc. actions were not isolated but part of a pattern or practice, further demonstrating willfulness.

33. As a direct result of Defendant Convergent Outsourcing Inc. violation of Florida Fair Credit Reporting Violation as 501.005, Plaintiff has suffered actual damages of invasion of privacy and, is entitled to actual and statutory damages, as provided by 501.005(16)(b) and 501.005(16)(c)

## JURY DEMAND AND PRAYER FOR RELIEF

Wherefore, Plaintiff Monique Moise, respectfully demands a jury trial and request that judgment be entered in favor of Plaintiff against the Defendants for:

(a) Actual damages, statutory damages, and potentially punitive damages for violations of 15 U.S.C § 1681b(f), as provided by 15 U.S.C §1681n(a)(1)(B).

(b) Actual damages, statutory damages, and punitive damages for violations of Florida Fair Credit Reporting Violation as provided by 501.005(16)(b), 501.005(16)(c)

(c) Actual and punitive damages for Invasion of Privacy (Intrusion on Seclusion)

Date:

10/11/2024

Monique Moise
2333 NW 167th St
apt 113
Miami Gardens, FL 33056

momoise1128@gmail.com

*Exhibit A*

09/01/2021,
08/28/2021,
08/25/2021,
08/21/2021,
08/18/2021,
08/14/2021,
08/11/2021 an
d 08/07/2021

760 MARKET
ST FL 2,
SAN
FRANCISCO CA
94102

**SYNCHRONY
FINANCIAL**
Inquired on
07/18/2022

4125 WINDARD
PLAZA,
ALPHARETTA
GA 30005

**WEBCOLLEX
LLC**
Inquired on
07/14/2022

505
INDEPENDENC
E PKWY,
CHESAPEAKE
VA 23320
(757) 361-0018

**RESURGENT
CAPITAL
SERVIC**
Inquired on
07/07/2022

PO BOX 10497,
GREENVILLE
SC 29603
(866) 464-1183

**DISCOVER
FINANCIAL
SVCS**
Inquired on
07/06/2022

2500 LAKE
COOK RD,
RIVERWOODS
IL 60015
(877) 728-3030

**JPMCB**
Inquired on
07/01/2022,
06/01/2022,
05/01/2022,
04/01/2022,
03/01/2022,
02/01/2022,
01/07/2022,
12/01/2021,
11/01/2021,
10/01/2021 an
d 09/01/2021

PO BOX 15298,
WILMINGTON
DE 19850

**COLLEGE AVE
STUDENT
LOAN**
Inquired on
04/28/2022

233 N KING ST,
WILMINGTON
DE 19801

**BEST
EGG/MARLETT
E MARKET**
Inquired on
03/31/2022

3419
SILVERSIDE RD,
WILMINGTON
DE 19810

**CONVERGENT
OUTSOURCING,**
Inquired on
03/31/2022

800 SW 39TH
ST,
RENTON WA
98057
(888) 871-2279